Still got one left, huh? All right. The last case on the docks today is People v. Ida Way, No. 5-13-0096. We finally got to you. And so, Ms. Heim, proceed. May I please report? My name is Maggie Heim, and I represent the defendant, Ms. Ida Way. This is the direct appeal from a felony DUI conviction. It arises from a two-car collision. Ms. Way was driving one car with her son, Christopher Rogers, as a passenger. Ms. Way's car crossed the center lane, causing a head-on collision, which resulted in injury to the other driver and to Ms. Way's son. According to Christopher, Ms. Way was not conscious when the crash occurred, and Ms. Way later admitted that she had used marijuana two days prior, and her urine tested positive for cannabis. The trial court ultimately agreed that there was no evidence that Ms. Way was impaired at the time of the accident, but that proof of impairment was not required for a conviction under the subsection of the DUI statute used in this case. So Ms. Way was convicted under Sections 11-501A6 and D1C. Under A6, a driver is guilty of misdemeanor driving under the influence if they're found driving with any amount of cannabis in their system, and there's no requirement that the state approve impairment, and we are not contesting that Ms. Way is guilty of this misdemeanor. Now, Subsection D1C elevates this misdemeanor to a felony conviction if the defendant driver is involved in an accident, the accident results in great bodily harm, and the defendant driver's driving approximately caused the accident. So the problem in this case is the court barred evidence which was relevant to whether Ms. Way's driving approximately caused the accident, resulting in injury. Ms. Way's son was prepared to testify that his mother was not conscious when the crash occurred, and her physician was prepared to testify that a drop in blood pressure may have caused her to lose consciousness at the wheel. Now, the state successfully sought prior to trial... Let me ask a question about that. Sure. When you say a physician was prepared to testify, was there a report? No, the parties proceeded by each naming the witness and what their expected testimony would be. Okay. And there was a proffer made then at that hearing as to here's what the testimony would be. Right, correct. I think the state's is written, but they went over the written one at a hearing, and the defense went over what their expected testimony would be. Now, the state successfully sought prior to trial to exclude any evidence of an alternative cause of the accident, and the trial court agreed and barred the defense evidence, reasoning that the state only needed to prove that the defendant was driving and was involved in an accident resulting in great bodily harm. And the problem with this analysis is that it overlooks the burden on the state to prove proximate causation. Proximate cause is essentially about foreseeability, and in civil suits involving car accidents, the case is recognized that the defendant driver is not liable for an accident if an unforeseen medical issue causes them to lose consciousness at the wheel. And the reasoning behind it is that this loss of consciousness interrupts the causal connection between the defendant's conduct and the resulting accident. So even though they may be the only cause in fact of the accident, they're not a legal cause or a proximate cause of the accident. So in the present case, the court erred and found that a possible medical explanation for why Ms. Way lost consciousness at the wheel and caused this accident was irrelevant to proximate cause. The trial court was incorrect. Now, in the state's response, they admit the possibility of an innocent drug driver. And I think what they mean by this hypothetical is someone who's guilty of the misdemeanor DUI but is not guilty of proximately causing the accident and thus is not guilty of the felony DUI. And the problem with the state's hypothetical is that the rationale completely fails to distinguish the facts of this case. In the state's hypothetical, the driver has cannabis in their system, and they're sitting at a red light when they're rear-ended by a third driver, and they hit the car in front of them. Even though this driver has cannabis in their system, the state's willing to concede that they would not be guilty of a felony DUI because they were involved in a sudden, unavoidable collision and therefore cannot be a proximate cause of that collision. So the same is true if you have an unforeseen medical issue that causes a driver to hit another car in an unavoidable and sudden manner. If you have a driver, again, who has cannabis in their system and they pass out due to a sudden drop in blood pressure and hit the car in front of them, you have the same legal analysis at stake. You have a driver who's involved in a sudden and unexpected collision, and just as in the state's hypothetical, they can't avoid it. They couldn't foresee this medical issue arising, so they should not be considered the proximate cause of the accident, even when they're the cause in fact. There's simply no qualitative difference or any legal difference between this third driver hitting the person with cannabis in their system and an unforeseen medical issue arising. Importantly, the burden to prove proximate cause in a criminal case is on the state, and Ms. Way had a constitutional right to present her defense, and this is the only element of the defense which was disputed between the parties. The cases are also clear that proximate cause is an issue which is properly determined by a jury, but here, as a result of a pretrial ruling, Ms. Way was never given her opportunity to present this evidence or this argument to a jury and have them determine if the state had met its burden to prove proximate cause. As a result, we would ask for this court to remand for a new trial where Ms. Way presents this evidence of a medical cause for loss of consciousness, where she can hold the state to their burden of proof, and where a jury can make the decision of whether the state has proven the elements. Are there any further questions? So, thank you. Shanahan? May I please score? House. My name is Sharon Shanahan, and I represent the people of the state of Illinois. So we're dealing with a subtle but very important distinction. There are all kinds of driving under the influence, DUIs, I'm going to call it, charges in the state of Illinois. Four of them require proof of some kind of impairment. Two of them don't. There are strict liability claims if you have 0.08 or more alcohol in your blood, and if you have any amount of illegal drugs in your system. The Illinois Supreme Court in Martin has said you don't need to prove impairment. You only need to prove that the driving caused the accident. I think it's interesting that I used the phrase in my brief that the defendant is trying to present a new, a second cause of impairment, and counsel says this isn't impairment, this is blood pressure. But on page 7 of their brief, and I probably, I mean, technically it's not impairment under the DUI statute, but on page 7 of their brief, the defendant is trying to insert her possible drop in blood pressure as a cause of the accident. By trying to put impairment or lack thereof back into the analysis, they use the term, she wants to present evidence that she was soberly driving. That's what she wants to do here. She wants to say that she was soberly driving. She can't present evidence that she would. Okay. You concede, though, that the state is required to prove as an element of defense beyond a reasonable doubt that the defendant's driving was a proximate cause of the accident. Yes. Okay. And you want to argue in your brief that if her driving was a proximate cause, and that's what the law is, it wouldn't matter if it combined with some other cause like drop in blood pressure. Absolutely. Okay. So if that's the case, in order for her to raise a defense that there was another cause, you know, doesn't she kind of have to put in the, I mean, shouldn't, doesn't she have to have the doctor say, in my opinion, within a reasonable degree of medical certainty, you know, her loss of consciousness was due to a loss in blood pressure and not as a result of impairment? You can't say that because we have a presumption of impairment. Why not? Because the jury's going to be instructed that, you know, they don't have to, you don't have to prove impairment. The most that. Let me finish. If that doesn't happen, then you're going to come back, the state's going to come back and say, well, the doctor testified that it was a drop in blood pressure, but it doesn't have to be, you know, the sole proximate cause. You know, if it combines with any cause, so she was driving and she had a drop in blood pressure, so. She's guilty. She's guilty. So why wouldn't the same be true of the person rear-ended then? Because. Because she's driving. No, she's sitting. She's in actual physical control of a motor vehicle at a stoplight. I don't get the difference. Okay, let me give you a better example that I thought of as I was preparing for this oral argument. We have, let's see if I can quickly get the name of the, ah, the victim, Ms. Woods. Ms. Woods is on her side of the road. Ms. Way is on her side of the road. Let's take a hypothetical where Ms. Way has consumed cannabis. She is guilty of misdemeanor DUI. Ms. Woods veers into the lane of traffic. Ms. Woods, and hits Ms. Way. Ms. Woods driving caused the accident. In that case, in that hypothetical where Ms. Woods crossed over, then the defendant would not be guilty of aggravated DUI because her driving did not cause the accident. She's going down her lane of traffic doing her own thing. I understand, okay, but if the jury hears evidence that it was not Ms. Way's driving, it was a sudden loss of consciousness due to a drop in blood pressure that caused her to cross the center line, then isn't it up to the jury whether or not the state has proved beyond a reasonable doubt that her driving was a proximate cause of the injury? If her driving was a proximate cause of the accident, excuse me, if her blood pressure was a proximate cause of the injury, that doesn't have anything, that doesn't dispute the fact that her impairment was also a proximate cause of the accident. And that's what is important about Martin, is that if you have drugs in your system, you're impaired. We don't have it. Let me give you another hypothetical. Because this case kind of allows for a lot of hypotheticals to be thrown out. Ms. Way is driving and is shot by another drive-by driver, starts to lose blood, which causes a loss in her blood pressure. She's got marijuana in her system. She loses control and crosses the center line. Same result? Okay, let's see. So she's shot. She's shot and she loses consciousness because she's bleeding and has a loss of blood, which causes her to lose consciousness, and she crosses the center line and hits the victim. Same result? You know, in my example, we know the reason why she lost consciousness, because she was a gunshot wound. She started to bleed. Her blood pressure went down. She lost consciousness. You know, we don't know why, or maybe we might have found out if the doctor testified in this case as to why she lost it, but she's got marijuana in her system. So is there any intervening cause, or maybe a good intervening cause, which would create a different result? In the time that you've given me, I'm not sure I can think through all the various things in your hypothetical, but let me say this, that I think answers really all of these hypotheticals, and that is, if her driving, excuse me, if her consumption of cannabis is of a proximate cause, if it contributed to the accident, and under Martin, that's what it says, that you are presumed to be an impaired driver. If you have to. For misdemeanor. You're presumed to be impaired, and that makes you guilty of the misdemeanor, but the enhancement to the felony is that your driving proximately caused an injury or death. Well, here's what it says. The additional elements are, there has to be, first, the misdemeanor is if you have the drugs and you're driving. That's misdemeanor. Right. Aggravated DUI, you have to add that there was an accident, and there has to be great bodily harm, permanent disability, disfigurement, or death. And then here's the actual language of the statute. The violation of subsection A, subsection A, must be a proximate cause of the injuries. Now, the violation of this particular subsection, subsection, according to this Illinois Supreme Court, is simply driving. So in order to prove aggravated DUI, you have to prove that she had cannabis in her system. That's undisputed. She's driving. That's undisputed. There was an accident. That's undisputed. Severe injuries. So we got that. So the only thing that's left is the violation of subsection A. So this particular violation of subsection A is a proximate cause. That is simply driving. If your car is on the wrong side of the road, then it is, well, even if it is a, I'll back up a bit here. If you are driving and you have drugs in your system, then it is a contributing cause. I'll probably put it a better way. It is a contributing cause of the accident. Why is that not true in your rear end, then? You're driving. Why is that not true when Ms. Woods crosses the center line and hits? I mean, that's what your argument is. The act of driving is all it takes. The driving that causes the accident, yes. Well, then that's the whole point here. The defendant says, my driving didn't cause the accident. I had a sudden loss of consciousness. But we have a presumption that she was impaired. The most, I think. Well, you have that presumption when somebody is sitting at the stoplight or when Ms. Woods crosses the center line, too. This is all just about whether it's an enhancement. I mean, any of these examples, the person is guilty of misdemeanor DUI. Absolutely. The only question. And Martin says when an aggravated DUI charge is based on a violation of that section, requires a causal link only between the physical act of driving and another person's death. In such a case, the central issue at trial will be proximate cause, not impairment. In this sentence, a defendant who is involved in a fatal motor vehicle accident while violating the section is guilty of only misdemeanor DUI, where his driving was not a proximate cause of the death. Correct. Okay. We're probably all talking around each other. I guess my, if I can just really, my point is the most that the drop in blood pressure would be a second proximate cause. One proximate cause being impairment. But you're deciding that for the jury. You're deciding that for the jury. Why can't the jury decide that the sole proximate cause of the accident was her drop in blood pressure? Because the Supreme Court says she's impaired. If you're impaired. But the impairment only goes to the misdemeanor, not whether it's enhanced with felony. And the. Shall we stop? We can keep going back. Okay. Okay. Rebuttal. I think as we all understand, the issue here is proximate cause. It's not about impairment. And the disagreement that I'm having with the state is about whether, or one of our disagreements is about whether evidence of an unforeseen loss of consciousness is relevant to proximate cause or whether it's relevant to impairment. I think their idea that it goes only to impairment is dependent on an overbroad definition of impairment. Impairment's about whether or not you're under the influence. And that response in no way negates the case law saying that a sudden loss of consciousness is relevant to proximate cause. It seems like the state's willing to accept that there are intervening causes that can occur when you're driving down the road that would interrupt causation for a felony DUI. But they just don't want to accept that an unforeseen loss of consciousness due to a medical issue is one of those possible intervening causes. And there's just no reason for that. Like the civil cases should be used in this context. I think that's what the Martin Court expected to happen when they said stop worrying about impairment and just start focusing on proximate cause. And then the next big issue seems to be this presumptive impairment. And I think, Justice Stewart, you're correct that it proves too much. Because the way she's using presumptive impairment from the Martin case, it's as though it will always be overwhelming evidence that the defendant was a proximate cause. There may be alternate causes, but the state can always go back to the fact, well, she was guilty of the misdemeanor, which means she's presumed impaired. But that's not what Martin was trying to do. Martin was simply trying to say this is not about proof of impairment. This is about proving who was the cause of the car accident. And then I think you can easily look to the civil cases to say what are the proper defenses when you're arguing about whether there's liability. And I think the biggest point here is that we're not challenging the constitutionality of the statute. We are not challenging the sufficiency of the state's evidence to convict her. All we are saying is that she needs to be allowed the opportunity to present a defense, defense evidence, and defense argument that the state has not met their burden to show proximate cause. If the state is concerned that the jury will be confused about her needing to prove sole proximate cause, there are jury instructions for that situation. And this is a decision for the jury. Are there no further questions? Okay. Thank you both. This is a very interesting issue. It is a very interesting issue. And thank you both for your briefs and your arguments. We'll take this matter under advisement and issue a decision in due course. Thank you.